IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| FREDY PORFIRIO ALVARADO TELLO,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM BARR, et al.,<br><br>　　　Defendants. | Case No. 19-cv-01312-CRB<br><br>**ORDER DENYING AMENDED PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Fredy Porfirio Alvarado Tello seeks a writ of habeas corpus challenging a Board of Immigration Appeal decision reversing an immigration judge's bond determination while his removal proceedings were ongoing.[1]  His central argument is that the BIA erred by applying a de novo standard of review as to the immigration judge's finding that he was not a danger to the community.  Because the BIA applied the correct standard of review, the Court **DENIES** Tello's petition.

I.   **BACKGROUND**

Tello is a Guatemalan native who has lived in Marin since 1987.  Am. Pet. (dkt. 21) ¶ 15.  He was lawfully admitted to the United States in 2012 on a U visa.  Id. ¶ 17.  He has four misdemeanor convictions for driving under the influence from 1993, 2002, 2013, and 2018.  Id. ¶ 19.

---

[1] Petitioner's counsel has not responded to inquiries as to Petitioner's current status and, according to the California State Bar, is no longer licensed to practice law in California.  See Resps.' Status Rpt. (dkt. 26)  The Court is therefore unaware as to whether Tello has been removed or whether his removal proceedings have been terminated—both of which might render his petition moot.  Because the parties have not briefed this issue or addressed it in their status report, however, the Court does not explore it further.

1  DHS initially began removal proceedings against Tello in 2010, then terminated
2  those proceedings in 2012 after Tello obtained his U visa. Id. ¶ 20. After Tello's U visa
3  expired, though, DHS took him back into immigration custody in June 2018 and re-
4  initiated removal proceedings against him. Id. ¶ 21; Mot. to Reconsider (dkt. 14-1) at 5.
5  Tello appeared before an IJ and requested bond, and after a hearing the IJ granted bond.
6  Am. Pet. ¶ 21. DHS then appealed that bond determination to the BIA, which vacated the
7  IJ's bond holding and ordered DHS to re-detail Tello without bond. Id. ¶ 23; see also Feb.
8  2019 BIA Order (dkt. 21-10).

Tello then filed his initial habeas petition seeking to prevent DHS from detaining him. Pet. (dkt. 1). He also moved for a temporary restraining order, which the Court granted on the basis that Tello raised a serious question of law about whether the BIA applied the proper standard of review. Motion for a TRO (dkt. 3); TRO (dkt. 9). DHS then moved for the BIA to reconsider its review of the IJ's bond holding; the BIA did so, clarifying that it accepted the IJ's factual findings (and that it would review those only for clear error) but applied a de novo standard of review of the IJ's determination that Tello was not a danger to the community. Am. Pet. ¶ 26; July 2019 BIA Order (dkt. 21-11).

Tello amended his habeas petition to account for the BIA's clarifying decision. Am. Pet. ¶¶ 1, 5, 26. Tello asserts the same grounds for habeas relief as before—namely, that the BIA wrongly applied a de novo standard of review instead of a clear error test to the IJ's bond determination. Id. ¶¶ 25–37.

## II.  JURISDICTION

District courts have jurisdiction to review noncitizens' habeas petitions filed under 28 U.S.C. § 2241, and they may grant the writ of habeas corpus if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In the context of noncitizen habeas petitions, courts have construed "in custody" broadly to include "restraints short of physical confinement." Rumsfeld v. Padilla, 542 U.S. 426, 437 (2004); see also Nakaranurack v. United States, 68 F.3d 290, 293 (9th Cir. 1995) ("We have broadly construed 'in custody' to apply to situations in

1  which [a noncitizen] is not suffering any actual physical detention."). All that a petitioner
2  must show is that they are subject to a significant restraint on liberty "not shared by the
3  public generally." Jones v. Cunningham, 371 U.S. 236, 239–40 (1963).
4      Respondents do not dispute this general principle. Instead, they argue that the
5  Court lacks jurisdiction due to the jurisdiction-stripping provisions of the Immigration and
6  Nationality Act, which preclude judicial review of any "discretionary judgment" exercised
7  by the BIA. 8 U.S.C. § 1226(e). But these provisions do not restrict "habeas jurisdiction
8  over constitutional claims or questions of law." Singh v. Holder, 683 F.3d 1196, 1202 (9th
9  Cir. 2011), abrogated on other grounds by Rodriguez Diaz v. Garland, 53 F.4th 1189 (9th
10 Cir. 2022); 8 U.S.C. § 1252(a)(2)(D). This includes claims that challenge "whether the
11 BIA applied the correct legal standard in making its determination." Afridi v. Gonzalez,
12 442 F.3d 1212, 1218 (9th Cir. 2006), overruled on other grounds by Estrada-Espinoza v.
13 Mukasey, 546 F.3d 1147 (9th Cir. 2008) (en banc); see also Rodriguez v. Holder, 683 F.3d
14 1164, 1169 (9th Cir. 2012) ("Whether the BIA has applied the correct standard of review is
15 a question of law."). And in any case, the Supreme Court recently confirmed that federal
16 courts retain jurisdiction to review the BIA's determination whether a noncitizen poses a
17 danger to the community. Wilkinson v. Garland, 601 U.S. 209, 212 (2024); Martinez v.
18 Clark, 124 F.4th 775, 779 (9th Cir. 2024).[2]
19     Thus, the Court has jurisdiction to review Tello's habeas petition.

## III. DISCUSSION

21 "[T]he Fifth Amendment entitles [noncitizens] to due process of law in deportation
22 proceedings." Demore v. Kim, 538 U.S. 510, 523 (2003) (citations omitted). The crux of
23 Tello's merits argument is that the BIA violated his due process rights by applying the

---

[2] Respondents suggest that Tello's claims improperly "re-characteriz[e] an alleged abuse of discretion as a 'due process' violation." Return (dkt. 23) at 7 (quoting Torres-Aguilar v. INS, 246 F.3d 1267, 1271 (9th Cir. 2001)). Aside from the fact that their argument is likely foreclosed by Wilkinson, it misconstrues Tello's claims. He does not assert that the BIA violated his due process rights by applying the right legal standard in abuse of its discretion, but rather that it violated his rights by applying the wrong legal standard out of the gate.

3

incorrect standard of review when it engaged in de novo review of the IJ's determination that Tello presented a danger to the community. See Am. Pet. ¶¶ 25–26. Tello does not contend, however, that the BIA reached the wrong outcome on de novo review, so the sole question at issue is whether the BIA erred in conducting de novo review rather than review for clear error.

Federal regulations provide that the BIA reviews an immigration judge's findings of fact, such as credibility of witness testimony, for clear error. 8 C.F.R. § 1003.1(d)(3)(i); see Rodriguez v. Holder, 683 F.3d 1164, 1170 (9th Cir. 2012). Thus, the BIA commits legal error when it "engages in de novo review of an IJ's factual findings instead of limiting its review to clear error." Rodriguez, 683 F.3d at 1170. But while the BIA reviews an IJ's underlying factual findings for clear error, it reviews the IJ's ultimate discretionary decisions de novo. 8 C.F.R. § 1003.1(d)(3)(i).

The parties do not contest these basic legal principles. They also follow the BIA's lead in not disputing the IJ's factual findings, such as its findings about Tello's criminal history and the credibility of his testimony. See Am. Pet. ¶ 31; Return at 9; July 2019 BIA Order at 2 (treating the IJ's factual findings as undisputed). Rather, they disagree on whether the IJ's determination that Tello posed a danger to the community is a finding of fact (requiring clear error review) or a discretionary decision (requiring de novo review). Am. Pet. ¶ 27; Return (dkt. 23) at 9.

Respondents have the better argument on this front. An IJ's "conclusions based on [its] factual findings" are "a mixed question of fact and law." United States v. Santos-Flores, 794 F.3d 1088, 1090 (9th Cir. 2015) (citation omitted). Whether Tello posed a danger to the community is not a fact itself, but rather a legal conclusion based on facts like his criminal history and rehabilitation efforts that he has made after his convictions. Certain forward-looking predictions, such as whether Tello is likely to continue drinking or whether he is likely to drive while under the influence of alcohol or other substances, are factual findings, see Ridore v. Holder, 696 F.3d 907, 915 (9th Cir. 2012); Matter of Z-Z-O-, 26 I & N Dec. 586, 590 (BIA 2015), but they too are subordinate to the ultimate

legal conclusion whether he will pose a danger to the community based on those predictions. Cf. Ridore, 696 F.3d at 915–16 (explaining that whether a petitioner has shown a likelihood of torture involves a factual question, "what is likely to happen to the petitioner if removed," and a legal one, whether "the facts found by the IJ (and that the BIA determines are not clearly erroneous) meet the legal requirements for relief" (emphasis omitted) (quoting Kaplun v. Attorney General, 602 F.3d 260, 271 (3d Cir. 2010))). Thus, the BIA's review of the IJ's determination that Tello would not pose a threat to the community was a mixed review of law and fact, and de novo review was appropriate.

Given this finding, Tello's challenge to the BIA's review of the IJ's decision fails. If Tello were to challenge the BIA's exercise of de novo review on the merits, that argument would fail as a challenge to the BIA's discretionary judgment. See 8 U.S.C. § 1226(e); Torres-Aguilar v. I.N.S., 246 F.3d 1267, 1271 (9th Cir. 2001) ("[A] petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb.").

## IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Tello's amended habeas petition.

**IT IS SO ORDERED.**

Dated: July 29, 2025

CHARLES R. BREYER
United States District Judge